The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NIKITA D. SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WASATCH PROPERTY MANAGEMENT, INC., and WASATCH POOL HOLDINGS, LLC,<br><br>　　　　　Defendants. | No.　2:17-cv-00501-RAJ<br><br>JOINT STATUS REPORT & DISCOVERY PLAN (PROPOSED) |

The parties, by counsel, present their proposed Joint Case Schedule & Discovery Plan, in accordance with this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement.

1. <u>Statement of the nature and complexity of the case:</u>

This is an action under the Fair Housing Act, 42 U.S.C. § 3613. The plaintiff alleges that the defendants, which owned and operated a large multi-family apartment complex in Renton, Wash., categorically deny admission to rental applicants who have previously been sued for unlawful detainer (i.e., "eviction"), and that this practice causes a discriminatory effect on African-Americans, and African-American women in particular.

The plaintiff further alleges that any legitimate business-related purpose for denying admission to such applicants could be achieved through less-discriminatory means, such as by considering applicants with unlawful detainer records on a case-by-case basis in

Northwest Justice Project
401 Second Ave South, #407
Seattle, WA 98104
(206) 464-1519

6089431.1

light of their individual circumstances.

Defendants deny that they categorically reject tenants who have previously been sued for unlawful detainer, and deny that they rejected plaintiff as a tenant for any reason.

As a disparate impact suit, the case will involve expert witnesses and statistical proof. Otherwise the action is not particularly complex, being a bi-lateral dispute between a single (individual) plaintiff and two affiliated defendants.

2. Proposed deadline for the joining of additional parties:

Plaintiff's statement: Plaintiff believes the proper defendants have been named and does not anticipate any need for additional joinder. Therefore, plaintiff has no objection to the defendants' proposed deadline of July 7, 2017—but plaintiff presumes that in agreeing to this deadline the plaintiff does not waive her right to seek an order authorizing the joinder of an additional party for good cause shown (such as the subsequent discovery of facts revealing the need for joinder of an absent party).

Defendants' statement: Joinder of additional parties shall be completed no later than July 7, 2017.

3. Whether the parties consent to assignment of this case to a full time United States Magistrate Judge:

No.

4. Discovery plan:

    (A) initial disclosures were due by **May 5, 2017, and all parties produced their initial disclosures on time;**

    (B) subjects, timing, and potential phasing of discovery;

The parties anticipate that discovery will be needed on but not necessarily limited to the following subjects: (i) the defendants' policies, practices, and methods for attracting, screening, and approving or rejecting rental applicants; (ii) the facts concerning the plaintiff's attempt to secure rental housing at the defendants' apartment complex; (iii) the effects of defendants' screening policies, practices, and methods on African-American, and African-American women, renters.

The parties anticipate the use of expert(s). Fact discovery will be conducted first, followed by expert disclosures, discovery, and reports.

    (C) electronically stored information;

JOINT STATUS REPORT & DISCOVERY PLAN (PROPOSED) - 2

Northwest Justice Project
401 Second Ave South, #407
Seattle, WA 98104
(206) 464-1519

6089431.1

The parties agree they will in good faith attempt to retrieve and produce all electronically stored information relevant to the case if required under Rule 26 or if requested under Rule 34. If either party is unsatisfied with another party's disclosures under this agreement, then the parties will attempt to resolve the matter through a discovery conference.

(D) privilege issues;

The parties will produce privilege logs identifying any responsive materials that are withheld on grounds of attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection. The privilege logs will list the documents being withheld and the reason(s) for withholding. Privilege logs will be included with the discovery responses to which they relate.

(E) proposed limitations on discovery; and

The parties do not believe it is necessary to impose any limitations on the scope of discovery beyond those set forth by the Federal Rules of Civil Procedures.

(F) the need for any discovery related orders.

The plaintiffs intend to seek discovery into rental application materials received by the defendants in connection with their Renton, WA apartment complexes. This would likely entail the disclosure of names, addresses, and potentially sensitive information regarding non-parties. The parties will attempt to negotiate an appropriate proposed order to protect the privacy of the non-party rental applicants.

5. The parties' views, proposals, and agreements regarding items set forth in Local Civil Rule 26(f)(1):

(A) prompt case resolution;

Plaintiff's statement: The parties discussed possibilities for early settlement, but did not reach agreement. Plaintiff remains open to bi-lateral settlement negotiations at any time. Plaintiff does not agree to private arbitration. Plaintiff is open to mediation at the appropriate juncture..

Defendants' statement: Defendants have proposed prediscovery alternative dispute resolution. Plaintiff has declined.

(B) alternative dispute resolution;

The parties agree to pursue mediation at a mutually agreed upon juncture.

(C) related cases;

JOINT STATUS REPORT & DISCOVERY PLAN (PROPOSED) - 3

Northwest Justice Project
401 Second Ave South, #407
Seattle, WA 98104
(206) 464-1519

6089431.1

N/A.  No related cases.

    (D) discovery management;

**The parties agree to exchange records electronically whenever practicable.**

    (E) anticipated discovery sought;

**See answer to 4.B. above.**

    (F) phasing motions;

**None currently contemplated.**

    (G) preservation of discoverable information;

**The parties have gathered all potentially discoverable documents and electronically stored information and will continue to preserve the same for the duration of this action.**

    (H) privilege issues;

**See answer to 4.D. above.**

    (I)  Model Protocol for Discovery of ESI; and;

**Counsel for the respective parties do not anticipate there being a substantial amount of electronically stored information (of the kind to which the Model Protocol is directed) in this action.  The parties agree to cooperate and attempt in good faith to produce all ESI relevant to the issues in controversy, but will forego use of the Model Protocol at this time.  The parties agree to meet & confer in the event any party later decides that the Model**

JOINT STATUS REPORT & DISCOVERY PLAN (PROPOSED) - 4

Northwest Justice Project
401 Second Ave South, #407
Seattle, WA 98104
(206) 464-1519

6089431.1

**Protocol or other, more detailed rules governing the discovery of ESI are necessary.**

(J) alternatives to Model Protocol.

**See preceding answer to 5.I.**

6. <u>The date by which discovery can be completed</u>:

**The parties propose the following deadlines:**

| | |
|---|---|
| **Fact discovery cut-off:** | **Dec. 1, 2017** |
| **Initial expert witness reports due:** | **Jan. 5, 2018** |
| **Rebuttal expert witness reports due:** | **Feb. 2, 2018** |
| **Expert discovery cut-off:** | **Mar. 9, 2018** |
| **Deadline for dispositive motions:** | **April 13, 2018** |
| **Trial:** | **June 11, 2018** |

7. <u>Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way</u>.

**No bifurcation appears necessary in this action.**

8. <u>Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.</u>

**The parties intend to comply with Local Civil Rules 16(e), (h), (i), and (k), and 16.1.**

9. <u>Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.</u>

**The parties will not utilize the Individualized Trial Program. The parties may**

JOINT STATUS REPORT & DISCOVERY PLAN (PROPOSED) - 5

Northwest Justice Project
401 Second Ave South, #407
Seattle, WA 98104
(206) 464-1519

6089431.1

decide to engage in mediation at an appropriate juncture.

10. <u>Any other suggestions for shortening or simplifying the case</u>.

None.

11. <u>The date the case will be ready for trial</u>:

**June 11, 2018**

12. <u>Whether the trial will be jury or non-jury</u>.

**Trial by jury.**

13. <u>The number of trial days required</u>: **10 court days**

14. <u>The names, addresses, and telephone numbers of all trial counsel</u>.

**Plaintiff:**

    **Northwest Justice Project,** 401 Second Ave S., Ste. 407, Seattle, WA 98104
    Allyson O'Malley-Jones    Tel.: 206-707-0915
    Matthew Brady    Tel.: 206-707-0852

    **ACLU of Washington,** 901 Fifth Ave, Ste. 630, Seattle, WA 98164
    Prachi Dave    Tel.: 206-624-2184, ext. 246

    **ACLU Women's Rights Project,** 125 Broad St. 18th Fl., New York, NY 10004
    Sandra S. Park    Tel.: 212-519-7871
    Lenora M. Lapidus    Tel.: 212-549-2668

    **Virginia Poverty Law Center,** 919 W. Main Street, Ste. 610, Richmond, VA 23219
    Eric Dunn    Tel.: 804-351-5266

**Defendants**:

    **Williams, Kastner & Gibbs PLLC,** 601 Union St., Ste. 4100, Seattle, WA 98101
    Sean E.M Moore    Tel.: 206-628-6786
    Reshvin Sidhu    Tel.: 206-628-6600

15. <u>The dates on which the trial counsel may have scheduling difficulties to be considered in setting a trial date</u>.

**Counsel for plaintiff is unavailable for trial between Jan. 10 – Mar. 10, 2018**

JOINT STATUS REPORT & DISCOVERY PLAN (PROPOSED) - 6

Northwest Justice Project
401 Second Ave South, #407
Seattle, WA 98104
(206) 464-1519

6089431.1

**Counsel for defendants has conflicts from January 22 through February 9, 2018; February 19 through February 23, 2018; March 31, 2018; and April 9 through 20, 2018.**

15. <u>Status of service on defendants</u>:

**Service was accomplished on all defendants as of April 5, 2017.**

17. <u>Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.</u>

**Not applicable.**

18. <u>Date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.</u>

**Defendants filed their Fed. R. Civ. P. 7.1 disclosures on April 20, 2017.**

Respectfully Submitted this 10th day of May, 2017,

NORTHWEST JUSTICE PROJECT

/s/ Allyson O'Malley-Jones
By: Allyson O'Malley-Jones (WSBA #31868)
Matthew Brady (WSBA #27245)
Attorneys for Plaintiff Nikita Smith

ACLU OF WASHINGTON

/s/ Prachi Dave
By: Prachi Dave (WSBA #50498)
Co-Counsel for Plaintiff Nikita Smith

ACLU WOMEN'S RIGHTS PROJECT

/s/ Sandra S. Park
By: Sandra S. Park (pro hac vice forthcoming)
Lenora M. Lapidus (pro hac vice forthcoming)
Co-Counsel for Plaintiff Nikita Smith

VIRGINIA POVERTY LAW CENTER

/s/ Eric Dunn
By: Eric Dunn (WSBA #36622)
Co-Counsel for Plaintiff Nikita Smith

WILLIAMS KASTNER & GIBBS, PLLC

/s/Sean E.M. Moore
Sean E.M. Moore (WSBA #30840)
Reshvin Sidhu *WSBA #51553)
Attorneys for Defendants

JOINT STATUS REPORT & DISCOVERY PLAN (PROPOSED) - 7

Northwest Justice Project
401 Second Ave South, #407
Seattle, WA 98104
(206) 464-1519

6089431.1